Leming v. Herring.

Opinion delivered January 14, 1924.

Brokers—loan of stock—conversion.—The delivering or loaning by a broker of a stock certificate to another, who sells it, and later returns another certificate for the same number of shares in the same company in its place, does not constitute a conversion for which the broker is liable.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge·; affirmed.

·*Sam T. & Tom Poe,* for appellant.

1. Disposal of the ten shares of stock, without authority, amounted to a conversion which rendered appellees liable in damages. 4 R. C. L. 286; 50 Am. Rep. 507; 93 Am. Dec. 174 and note; 13 Am. Rep. 507; 4 Thompson on Corporations, 667; 72 Am. St. Rep. 557, 75 N. W. 443; 58 N. Y. 425; 18 Mich. 60, 100 Am. Dec. 146; 51 Am. Rep. 91; 36 Ill. 513; 40 Ill. 313.

2. The attempt of appellees to show the custom among brokers in Little Rock, in dealing with oil stock,

was inadmissible, and admission of such testimony was erroneous.   4 R. C. L. 288-289; 42 Am. Dec. 87.

*John P. Streepey,* for appellee.

Cases cited by appellant deal with the right of a broker to *sell* stock of his customer and later replace it with other stock bought on a lower market; but this is not a case of that kind.   Appellee never sold the stock, nor reaped any benefit therefrom.   It was the custom amongst brokers to lend each other small blocks of stock in making daily sales, until larger blocks could be broken up, and another certificate given back to the broker who made the loan.   It was competent to prove this custom. 9 Corpus Juris, 530, § 30; 4 R. C. L. 271, § 21.

SMITH, J.   This suit was begun by appellant, who sued for himself and his infant son, to recover the par value of eleven shares of the capital stock of the Little Giant Oil & Gas Company, it being alleged that appellee, the defendant below, had wrongfully converted and disposed of the stock. Appellee is a stockbroker engaged in buying and selling stock.

There was a controversy as to whether the letter of transmission contained the direction to sell the stock at par, and a special interrogatory was submitted to the jury on that question, and the jury answered in the negative.

The testimony was to the effect that appellant owned ten shares of the stock, which was covered by one certificate, and that his infant son owned one share, which was covered by a separate certificate, and that the par value of the stock was ten dollars per share.

Appellee sold the one share, and sent appellant a check for six dollars as the net proceeds, less commissions; but, when the point was made that the instruction was to sell at par, appellee tendered ten dollars, the face value of the stock.

The ten shares were not sold, and it developed that appellee had let another broker have this certificate, with the understanding that it should be replaced when appellee found a purchaser.   This was done because the

other broker had for sale a certificate for a large number
of shares which he desired to have "broken up" into
certificates for smaller number of shares to meet the
demands of prospective purchasers.    There was some
delay in having this done, on account of the absence of the
secretary of the corporation.    Later the large certificate
which the other broker had was broken up, and a certifi-
cate for ten shares of this Little Giant Oil & Gas Com-
pany stock was delivered to appellee for the one which
appellee had loaned to the other broker, and this certifi-
cate was tendered to appellant by appellee.    It was
shown that this transaction accorded with the custom of
the local brokers.

It was the opinion of the trial court that the only
question in the case was whether the direction to appellee
was to sell at par, and the jury was told to find for appel-
lant for the face of the stock, if they found that such
was the direction to appellee.    It was evidently the
opinion of the trial court that, in the absence of specific
direction, appellee had the right to handle and dispose of
the stock in accordance with the local custom.    Appellant
insists, however, that the court should have submitted the
question of the conversion of the stock to the jury, and
insists that it was a conversion of the stock for appellee
to deliver the certificate to the other broker.

We think it unnecessary to pass upon this question,
for the reason that appellee returned ten shares of the
Little Giant Oil & Gas Company stock, and tendered the
sum claimed for the other share.    There is no contention
that one share of this stock was worth any more than
any other share.    Appellant sent ten shares to be sold,
and ten shares were returned to him.

Of course, the question of depreciation in value of
the stock might have been raised if any loss had been
sustained on account of appellee not having the stock
to return on demand; but no such issue was submitted to
the jury, nor was the court asked to submit that question.
Recovery was sought upon the sole ground of a conver-
sion; and we think the failure to return the identical

certificate was not a conversion, where another certificate for the same number of shares in the same corporation was returned.

At section 21 of the chapter on Brokers, in 4 R. C. L., page 271, it is said: ''As in the case of any other bailee, a broker is usually bound to keep and return the identical property that has come into his hands, but with respect to stocks a different rule obtains. Courts have said that no good reason exists for requiring stockbrokers to whom clients have pledged or intrusted their shares of stock to preserve at all times a careful separation of distinguished certificates connected with each transaction or pledge, and maintain the identity of each certificate distinct and unbroken. Consequently it is held to be unnecessary for a broker to retain in his possession the identical stock purchased by him on his customer's order, or received as collateral security, so long as he has in his possession at all times a sufficient quantity of like stock to respond to the call of his customer.''

No error appearing, the judgment is affirmed.